# KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY *v.* STILES.

**ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.**

No. 212.   Submitted October 17, 1916.—Decided December 4, 1916.

Three corporations, formed, and operating railways, in Alabama, Tennessee and Mississippi, respectively, consolidated themselves under the laws of each of those States. The consolidated company succeeded to all the property of the constituents and issued its shares in lieu of theirs. As construed by the court below, the law of Alabama, under which the consolidation was there effected, constituted the new company a domestic corporation of that State; and, treating it as such, the State has imposed a franchise tax, not unreasonable in amount, based upon its entire paid-up capitalization.

*Held:* (1) That, subject to the limitations of the Federal Constitution, the existence and status of the consolidated corporation in Alabama were dependent on the Alabama laws.

(2) That the tax being a franchise tax, imposed equally upon all corporations of the State, consolidated or otherwise, and based in each instance on the entire paid-up capitalization, no arbitrary classification emerges either (a) because the consolidated corporation has, and a purely intrastate corporation might not have, property outside of the State; or (b) because foreign corporations are taxed only on

the basis of their property within the State. *Southern Railway Co.* v. *Greene,* 216 U. S. 400, distinguished.

A State may tax foreign corporations for the privilege of doing business within her limits at a different rate than that which she applies to her own corporations in taxing the franchises by which she creates them.

While a State may not tax property beyond her borders, she may measure a franchise tax within her authority by capital stock which stands in part for property beyond her taxing power. *Kansas City &c. Railway Co.* v. *Kansas,* 240 U. S. 227, applied; and *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1, distinguished.

Whether a tax is a burden on interstate commerce depends on the nature of the tax; a tax which in kind is within the state authority may properly be measured by capital which in part is used for interstate commerce, where the circumstances do not indicate a purpose to burden such commerce or that such will be the necessary effect.

182 Alabama, 138, affirmed.

THE case is stated in the opinion.

*Mr. Forney Johnston* and *Mr. W. F. Evans* for plaintiff in error.

*Mr. William L. Martin,* Attorney General of the State of Alabama, and *Mr. Lawrence E. Brown,* Assistant Attorney General of the State of Alabama, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The Kansas City, Memphis & Birmingham Railroad Company, plaintiff in error herein (hereinafter called the Railroad Company), filed its complaint in the City Court of Birmingham, Alabama, against James P. Stiles, Probate Judge of Jefferson County, Alabama, whereby it sought to recover sundry sums of money, aggregating $2,434.40, paid to Stiles by virtue of the provisions of § 12 of an act of the Alabama Legislature, entitled "An Act to further provide for the revenues of the State of Alabama." By this act it is provided that corporations organized under

the laws of Alabama shall pay an annual franchise tax as follows: where the paid-up capital stock does not exceed $50,000, one dollar per thousand of such paid-up capital stock; where paid-up capital stock is more than $50,000 and up to $1,000,000, one dollar per thousand on the first $50,000, and fifty cents for each thousand of the remainder; where paid-up capital stock is more than $1,000,000 and up to $5,000,000, one dollar per thousand on the first $50,000, and fifty cents per thousand for the next $950,000, and twenty-five cents per thousand for the remainder; where the paid-up capital stock exceeds $5,000,000, one dollar per thousand on the first $50,000, fifty cents per thousand on the next $950,000, twenty-five cents per thousand on the next $4,000,000, and ten cents per thousand on the remainder; and that corporations organized under the laws of any other State and doing business within the State of Alabama shall pay annually franchise tax as above, based, however, on the actual amount of capital employed in the State of Alabama. The act also contains provisions not relevant to this action and not necessary to be set forth here.

The Railroad Company is a consolidated corporation, existing by virtue of the consolidation, under concurrent acts of the States of Tennessee, Mississippi, and Alabama, of three independent and distinct railroad corporations created by and formerly operating solely within the respective States named. As regards this consolidation, plaintiff avers—

"that it is a consolidated corporation, made up and consisting of the consolidation of three distinct and separate corporations, under the following circumstances: A railroad corporation organized and existing solely under the laws of the State of Tennessee, acquired, constructed, owned and operated all of that part of plaintiff's line and railway situated within the State of Tennessee; a separate and distinct railroad corporation, organized and existing

solely under the laws of the State of Mississippi, acquired, constructed, owned and operated all that part of plaintiff's line and railway situated within the State of Mississippi; and a separate and distinct railroad corporation, organized and existing solely under the laws of the State of Alabama, acquired, constructed, owned and operated all that part of plaintiff's line and railway situated within the State of Alabama. Plaintiff avers that said separate railroad corporations, being desirous of operating said distinct and separately owned properties as a single system, for the conduct of the business of a common carrier in interstate commerce, as well as the continuation of intrastate commerce within said several States, before the period mentioned or involved herein, and by virtue of concurrent or contemporaneous laws or special acts of said several States, including the States of Tennessee and Mississippi, as well as the State of Alabama, consolidated themselves into a corporation known as Kansas City, Memphis & Birmingham Railroad Company, the plaintiff herein, and, in pursuance of the laws of each of said States, duly filed therein agreements and instruments consolidating said companies, and complying with the laws of each of said States authorizing the same. And plaintiff avers that by said consolidation the shares of stock of said several companies were surrendered by the holders thereof and in lieu thereof there were issued the shares of stock of said consolidated company, the plaintiff herein—being the capital stock of plaintiff issued and outstanding as aforesaid. Plaintiff further avers that the capital stock on which said franchise tax was estimated and exacted as aforesaid was and is the capital stock issued and outstanding under the circumstances aforesaid, although less than one-half thereof was issued in lieu of the stock of or represents the property or assets or business of the Alabama corporation which became a constituent of the plaintiff by consolidation as aforesaid."

The entire capital stock of the consolidated Railroad Company amounted to $5,976,000.00, and it was upon this entire amount that the Company was assessed. By this action the Railroad Company seeks to recover the full amount of the franchise tax exacted upon that basis, and contends that in any event it should have been assessed only upon that part of the capital employed by it in the State of Alabama.

The Railroad Company averred, if it was required to pay the franchise tax in question upon its entire capital, that it would be paying another and different rate of taxation, or another and different amount of franchise tax, from that which is required of like corporations doing business in Alabama, contrary to the provision of the Fourteenth Amendment to the Federal Constitution that no State shall deny to any person within its jurisdiction the equal protection of its laws; that the enforcement of the act by subjecting to its operation the Railroad Company's property in other States constituted a taking of its property without due process of law; and that said act imposed a direct burden upon interstate commerce in requiring it to pay, in addition to all other fees and taxes provided by law, a tax upon its capital stock for the right and privilege of transacting and carrying on its interstate business as a common carrier, in violation of clause three of § 8, Article I of the Federal Constitution.

A demurrer was filed to this complaint, which demurrer was sustained. Upon appeal to the Supreme Court of Alabama, this judgment was affirmed, 182 Alabama, 138, and a writ of error brings the action to this court.

The consolidated Company was formed, so far as the State of Alabama is concerned, under § 1583 of the Alabama Code of 1887, which provides in substance, as follows: That whenever the lines of any two or more railroads chartered under the laws of that or any other State, which, when completed, may admit the passage of burden or

passenger cars over any two or more of such roads con-
tinuously without break or interruption, such companies
are authorized before or after completion to consolidate
themselves into a single corporation, in the manner follow-
ing: The directors of such corporations may enter into
an agreement, prescribing the terms and conditions
thereof, mode of carrying into effect, name, number of
directors, etc., and such new corporation shall possess all.
the powers, rights and franchises conferred upon the two
or more corporations, and shall be subject to all the re-
strictions, and perform all the duties imposed by such
statute. Provision is also made for ratification of such
consolidation by the stockholders, after which ratification
the agreement is deemed completed, as to each corporation.
It is also provided that "every such new corporation so
formed shall keep an office in the State of Alabama, and
be in all respects subject to the laws of the State of Ala-
bama as a domestic corporation." The corporation is to
be deemed consolidated when a copy of the agreement is
filed with the Secretary of State, and after the election.
of the first board of directors the property and franchises
of each corporation shall be vested in the new corporation,
and it shall be subject to the liabilities of its integral parts,
as if such debts had been incurred by it.

It will be noted that this statute, which is a grant of
corporate rights from the State of Alabama to the con-
solidated company, contains the express provision that
such company shall in all respects be subject to the laws
of the State of Alabama as a domestic corporation. Ap-
plying § 12 of the statute, the Alabama Supreme Court
has held that the Railroad Company is a corporation or-
ganized under the laws of that State, and as such subject
to the franchise tax imposed by that section of the statute.

The federal questions (which are alone within the juris-
diction of this court) are to be determined upon this con-
struction of the state statute by its highest court.

When the companies comprised in this consolidation sought to avail themselves of the laws of Alabama, they were asking a privilege and right which, subject to the limitations of the Federal Constitution, was within the authority of the State. This principle was succinctly stated in *Ashley* v. *Ryan,* 153 U. S. 436, 442:

"Nor is the question at issue affected by the fact that some of the constituent elements which entered into the consolidated company were corporations owning and operating property in another State. The power of corporations of other States to become corporations, or to constitute themselves a consolidated corporation under the Ohio statutes, and thus avail of the rights given thereby, is as completely dependent on the will of that State as is the power of its individual citizens to become a corporate body; or the power of corporations of its own creation to consolidate under its laws. *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Lafayette Insurance Co.* v. *French,* 18 How. 404; *Paul* v. *Virginia,* 8 Wall. 168, 181."

This doctrine has been affirmed since. *Louisville & Nashville Railroad Co.* v. *Kentucky,* 161 U. S. 677, 703, and previous cases in this court therein cited; *Interstate Railway Co.* v. *Massachusetts,* 207 U. S. 79, 84.

The railroads comprising this consolidation entered upon it with the Alabama statute before them and under its conditions, and, subject to constitutional objections as to its enforcement, they cannot be heard to complain of the terms under which they voluntarily invoked and received the grant of corporate existence from the State of Alabama.

The specific objections based upon the Federal Constitution remain to be noticed. It is said that the Company is deprived of the equal protection of the laws, this contention being based upon the fact that domestic corporations, operating only within the State, are required to pay the tax upon property within the State, and foreign cor-

porations are taxed only upon the basis of property within the State. To support this contention as to denial of equal protection of the laws, the Company relies principally upon the decision of this court in *Southern Railway Company* v. *Greene*, 216 U. S. 400. In that case, a foreign corporation, complying with the laws of Alabama, entered upon business within the State, paid both license and property taxes imposed by the laws of the State, and when it was attempted to impose upon it another tax for the privilege of doing business in the State, a business in all respects like that done by domestic corporations of a similar character who were not subjected to the additional tax complained of, it contended that it was denied equal protection of the law, and this court so held.

That case is readily distinguishable from the one now under consideration. Here the State imposes the franchise tax equally upon all of its corporations, consolidated and otherwise. The fact that a wholly intrastate corporation may own no property outside of the State while the consolidated Company does presents no case of arbitrary classification. In both cases, the franchise tax is based upon a percentage of the capital stock. There is no denial of equal protection of the laws because a State may impose a different rate of taxation upon a foreign corporation for the privilege of doing business within the State than it applies to its own corporations upon the franchise which the State grants in creating them.

It is urged that this tax is void because it undertakes to tax property beyond the jurisdiction of the State, and imposes a direct burden upon interstate commerce. Objections of this character were so recently discussed, and the previous cases in this court considered, in *Kansas City &c. Railway Co.* v. *Kansas*, 240 U. S. 227, that it would be superfluous to undertake extended discussion of the subject now. In that case, after a full review of the previous decisions in this court, it was held that each case

must depend upon its own circumstances, and that while the State could not tax property beyond its borders, it might measure a tax within its authority by capital stock which in part represented property without the taxing power of the State. As to the objection based upon the due process clause of the Constitution, we think that principle controlling here. There is no attempt in this case to levy a property tax; a franchise tax within the authority of the State is in part measured by the capital stock representing property owned in other States.

The tax is not of the character condemned in *Western Union Telegraph Co.* v. *Kansas*, 216 U. S. 1, and kindred cases. In the latter case, a tax of large amount was imposed upon a foreign corporation engaged in interstate commerce for the privilege of doing local business within the State. Under the circumstances therein disclosed and the character of the business involved, this court held that the statute was in substance an attempt to tax the right to do interstate business, and to tax property beyond the confines of the State, and was therefore void. Here, a franchise tax is levied upon a corporation consolidated under the laws of the State by its own acceptance of that law in incorporating under it.

So of the objection that the tax imposes a burden upon interstate commerce, the test of validity recognized in previous cases and repeated in *Kansas City &c. Railway Co.* v. *Kansas, supra,* is the nature and character of the tax imposed. The State may not regulate interstate commerce or impose burdens upon it; but it is authorized to levy a tax within its authority, measured by capital in part used in the conduct of such commerce, where the circumstances are such as to indicate no purpose or necessary effect in the tax imposed to burden commerce of that character. In the present case, the franchise tax is imposed upon the capital stock of a corporation consoli-

dated under the state law, and engaged in both interstate and intrastate commerce.

We find nothing in the amount or character of the tax. which makes it a burden upon interstate commerce, and so beyond the authority of the State to impose. It results that the judgment of the Supreme Court of Alabama must be

*Affirmed.*