LOCOMOBILE COMPANY OF AMERICA *vs.* COMMONWEALTH.

Suffolk. March 29, 30, 1916. — September 13, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Tax*, Excise imposed on foreign corporation doing business here. *Corporation*, Foreign: taxation.

A foreign corporation doing business in this Commonwealth and subject to the excise imposed by St. 1909, c. 490, Part III, § 56, after an increase of its authorized capital stock is not relieved from liability to pay a correspondingly larger excise by the fact that the proceeds of the additional stock issued by the corporation have been invested wholly in the extension and improvement of its manufacturing plant outside this Commonwealth. Following *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68.

PETITION, filed in the Supreme Judicial Court on November 10, 1910, under St. 1909, c. 490, Part III, § 70, by the Locomobile Company of America, a corporation organized under the laws of the State of West Virginia, having its factory in Bridgeport in the State of Connecticut, where it is engaged in the business of manufacturing and selling motor cars, and occupying in Boston under a lease a three story building used for an office, a salesroom and a repair shop for the purpose of repairing cars of its own make and second hand cars taken in exchange for those of its own make, to recover a tax or excise paid by the petitioner as a foreign corporation and alleged to have been imposed unlawfully.

The case was heard by *Loring*, J., upon an agreed statement of facts, sufficiently described in the opinion.

The petitioner asked the single justice to make the following rulings:

"1. As applied to the petitioner, the foreign corporation excise tax of Massachusetts, assessed and levied on it under St. 1909, c. 490, Part III, § 56, St. 1914, c. 724, is unconstitutional and void, because it conflicts with the 'commerce' clause contained in § 8 of art. 1 of the Constitution of the United States.

"2. As applied to the petitioner, the said excise tax is unconstitutional and void, because it is in contravention of the 'due

process of law' clause contained in the Fourteenth Amendment to the Constitution of the United States.

"3. As applied to the petitioner, the said excise tax is unconstitutional and void, because it conflicts with the 'equal protection of the laws' clause contained in the Fourteenth Amendment to the Constitution of the United States.

"4. As applied to the petitioner, the said excise tax is unconstitutional and void under the principles set forth in the Western Union and Pullman decisions (216 U. S. 1, 56), which apply to business corporations engaged in interstate commerce, and are not confined, in their application, to *quasi* public corporations.

"5. The principles of the Western Union decisions (216 U. S. 1, 56) apply wherever, as here, the same instrumentalities and the same agencies carry on in the same places interstate commerce and domestic business in conjunction with each other.

"In an excise, measured, as here and in the Kansas tax, by the entire authorized capital, it is totally unnecessary to show that the domestic business is 'inextricably interwoven' with the interstate commerce transacted by the same instrumentalities, or to prove that the interstate and intrastate business cannot be separated, or that they are carried on in such close connection that the intrastate business cannot be abandoned without serious impairment of the interstate commerce. Such factors did not appear in the Kansas tax.

"It suffices to show, as here, that the two classes of business, interstate and domestic, are carried on, in conjunction, by the same agencies and at the same places. If so, a tax of this description necessarily burdens to a substantial degree the interstate business of the company, as was held in the Western Union case.

"The Baltic decision (231 U. S. 68) only applies to cases where the local business is carried on wholly apart from the interstate commerce.

"6. If the local or domestic business is fairly incident to interstate commerce transacted here, which constitutes the great bulk of the total business, the said tax, imposed for the privilege of carrying on such local business, is unconstitutional under the 'commerce' clause.

"7. As applied to the petitioner, the amount of said excise is 'unduly great,' having reference to the real value of the local

business and the property used therein, and is so 'disproportioned' to the volume and profits of the local business and to the value of the privilege taxed that it should be regarded as a mere 'device' to reach or burden the interstate portion of the company's commerce, property, and profits, and, consequently, is unconstitutional.

"8. If, as here, the petitioner is engaged in this State in the work of conducting some kind of interstate commerce, as their principal function, and in connection therewith, and by the same instrumentalities, a small percentage of local business, a tax measured by the entire capital, both interstate and domestic, is unconstitutional because its necessary effect is to burden directly and substantially the interstate portion of the company's capital, business, and property, and is, consequently, based on an unlawful measure, as was decided in the case of the Kansas tax in precisely the same terms as the statute of 1909 here involved (216 U. S. 1, 56).

"9. As applied to the petitioner, the said tax under the said Act of 1914 is unconstitutional because it does not afford 'equal protection of the laws,' in that it arbitrarily and without reason classifies companies having less than $10,000,000 capital and those having in excess of that amount, and arbitrarily taxes the former class, consisting of the smaller corporations, at a rate twice as high as that imposed by reason of such excess on the larger and richer corporations, thereby unfairly and arbitrarily discriminating in favor of those best capable of standing the burdens of taxation.

"10. The said tax under said act of 1909 is also unequal and unconstitutional, under the 'equal protection of the laws' clause, because it charges, without discrimination, the same rate for the local privilege without regard to whether the company's local business amounts to one per cent or ninety-nine per cent of its total sales or commerce here transacted, and because, further, the provision for a maximum of $2,000 unfairly and unequally discriminates against the smaller corporations, the corporation with $10,000,000 capital paying precisely the same as that with $100,000,000 capital and paying nothing whatever on its capital in excess of $10,000,000.

"11. If, as in the case of the petitioner, the company receives as a part of the consideration for sale of new machines for delivery in this State from another State, old second hand machines and if its sales here made are confined to the resale of these second hand

machines and if it does no local business other than repairing machines sold in interstate commerce; and if, further, the abandonment of the privileges of reselling second hand machines or making such repairs would necessarily affect substantially the amount of sales made by the company for delivery from another State into this State, then the local business is fairly incident to its interstate commerce and the said excise is unconstitutional because it necessarily burdens the interstate commerce of the company. The said excise tax does not apply to such a company; and, if so applied, would be unconstitutional under the Federal Constitution.

"12. Although a tax otherwise lawful may, in some instances, be measured by capital or gross receipts, the Massachusetts excise uses an unlawful and unconstitutional measure, because, being measured by the entire capital stock, it necessarily affects directly and substantially that part of the capital employed in interstate commerce or outside of this State, as was held as to the Kansas tax in precisely the same terms as said act of 1909 (216 U. S. 1, 56).

"13. In the case of the petitioner, the increase of capital resulted in an increased tax of $300 per annum.

"If, as is shown, the increased capital was all invested outside of the State, resulting in an increase of interstate commerce, and no increase of domestic business whatever resulted in Massachusetts, it necessarily follows that the increase of the tax must have been paid out of the increase of interstate business and necessarily became a direct burden on interstate commerce or property outside of the State, in which Massachusetts has no interest, and the said excise is, therefore, unconstitutional.

".14. St. 1909, c. 490, Part III, § 56, as amended by St. 1914, c. 724, as applied to this petitioner is unconstitutional under the Massachusetts Constitution, because it exceeds the power of the Legislature to impose and levy 'reasonable' duties and excises, as limited by Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution.

"The Massachusetts excise is wholly unreasonable.

"15. The petitioner, upon the agreed facts, is entitled to recover the tax paid by it."

The single justice refused to make any of these rulings and ordered the entry of a decree dismissing the petition. The petitioner alleged exceptions.

*C. A. Snow,* for the petitioner.

*W. H. Hitchcock,* Assistant Attorney General, for the respondent.

*P. Ketchum,* by leave of court, filed a brief as *amicus curiae.*

RUGG, C. J.  This is a petition for the recovery of the excise tax levied according to the terms of St. 1909, c. 490, Part III, §§ 56 *et seq* upon a foreign corporation for the privilege of conducting business within this Commonwealth.  It was submitted to a single justice upon an agreed statement of facts in every respect the same as that agreed to in connection with the petition of the same petitioner considered and ordered dismissed in 218 Mass. 558, 573–575, 581, "except the amount of the authorized capital stock, the amount of the tax sought to be recovered and the figures indicating the amount of business in different respects done for the year in question."  The facts need not be repeated here, as they are set forth in full in the report just cited.  The only pertinent fact here disclosed and absent from the earlier case is that since that case arose and "In 1913 the company increased its authorized capital stock from $5,000,000 to $6,500,000, of which $6,250,000 has been paid in.  This additional capital stock was used solely to extend and improve the company's manufacturing plant in Bridgeport, Connecticut, and to increase its business of manufacturing and selling automobiles to be delivered from that plant, as above described.  No part thereof was used for the purpose of increasing the business of selling used cars or of making repairs, transacted as aforesaid at its Boston place of business."  It was held in the earlier decision that the petitioner's manifestly domestic business of considerable proportions rendered the petitioner subject to the excise tax.

The circumstance that the tax now is somewhat larger because of an increase of capital stock invested wholly outside this Commonwealth is under all the circumstances an immaterial circumstance.  The authorized amount of capital stock is not the same as its paid in capital and doubtless is different from its entire capital.  As was said in *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68, at page 87, "the Massachusetts statute limits the tax to a maximum of $2,000.  The conclusion, therefore, that the authorized capital is only used as the measure of a tax, in itself lawful, without the necessary effect of burdening interstate commerce, brings the legislation within the authority of the State.  So, if the

tax is, as we hold it to be, levied upon a legitimate subject of such taxation, it is not void because imposed upon property beyond the State's jurisdiction, for the property itself is not taxed. In so far as it is represented in the authorized capital stock it is used only as a measure of taxation, and, as we have seen, such measure may be found in property or in the receipts from property not in themselves taxable."

The case at bar seems to us to be governed by that decision. See also *Baltic Mining Co.* v. *Commonwealth,* 207 Mass. 381, and *S. S. White Dental Manuf. Co.* v. *Commonwealth,* 212 Mass. 35, both affirmed in 231 U. S. 68. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. The principles declared in *Locomobile Co. of America* v. *Commonwealth,* 218 Mass. 558, 573–575, 581, are decisive against every contention put forward by the petitioner. Those principles, so far as governed by the Constitution of the United States, appear to us to be in conformity to the decisions of the Supreme Court of the United States. *Kansas City, Fort Scott & Memphis Railway* v. *Kansas,* 240 U. S. 227, and cases there reviewed. *Kansas City, Memphis & Birmingham Railroad* v. *Stiles,* 242 U. S. 111.

Since no part of the excise here challenged was levied under the terms of St. 1914, c. 724, that statute need not be considered.

*Petition dismissed with costs.*