LIQUID CARBONIC COMPANY *vs.* COMMONWEALTH.

Suffolk.    December 2, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Tax,* Validity. *Corporation,* Foreign, Taxation. *Constitutional Law,* Interstate commerce.

By the decisions of the Supreme Court of the United States in *International Paper Co.* v. *Massachusetts,* 246 U. S. 135, and in *Locomobile Co. of America* v. *Massachusetts,* 246 U. S. 146, reversing the decision of this court in 228 Mass. 117, it is established that St. 1914, c. 724, imposing an additional excise on the authorized capital stock of foreign corporations doing business here, was, until it was repealed by St. 1918, c. 76, an integral part of St. 1909, c. 490, Part III, § 56, and that the excise attempted to be imposed by the statute thus changed was void as to corporations engaged in interstate commerce, being as to such corporations in violation of the Constitution of the United States. Accordingly an excise attempted to be exacted while St. 1914, c. 724, was in force from a foreign corporation with an authorized capital stock of $5,500,000 is void, although such an excise could have been imposed lawfully under St. 1909, c. 490, Part III, § 56, standing alone.

PETITION, filed in the Supreme Judicial Court on March 20, 1918, under St. 1909, c. 490, Part III, § 70, by a corporation, with an authorized capital stock of $5,500,000, organized under the laws of the State of Illinois and having an office or usual place of business in Boston, alleged to be principally for the purposes of its interstate commerce, to recover the amount of an excise for the year 1918 paid by the petitioner on January 9, 1918, and alleged to have been exacted unlawfully.

An order of notice to the Treasurer and Receiver General and the Attorney General was issued on the day of the filing of the petition and service thereof was accepted in behalf of the Commonwealth on March 30, 1918.

A statement of agreed facts was filed, containing the facts that are stated in the opinion. The case was heard by *Crosby*, J., who reported and reserved it for determination by the full court. If the petitioner was entitled to recover, a decree was to be entered for the petitioner to recover the tax, together with interest and costs, as prayed for in the petition.

*G. L. Mayberry* & *C. A. Snow*, (*F. T. Benner* & *W. P. Everts* with them,) for the petitioner.

*W. H. Hitchcock*, Assistant Attorney General, for the Commonwealth.

RUGG, C. J.    The petitioner, a foreign corporation organized under the laws of Illinois, seeks by this petition under St. 1909, c. 490, Part III, § 70, to recover an excise tax amounting to $1,100 alleged to have been exacted illegally and paid in January, 1918. The excise was levied at the rate of one fiftieth of one per cent on the entire capital stock of $5,500,000 of the petitioner, pursuant to St. 1909, c. 490, Part III, § 56. St. 1914, c. 724, was not repealed until March 18, 1918. St. 1918, c. 76. Therefore the excise here in question was levied while both said § 56 and said c. 724 stood upon the statute books without repeal or modification of either. The agreed facts show that the petitioner was maintaining within the Commonwealth a place of business for the transaction of local and domestic business entirely separable from its interstate business. It therefore could have been taxed under Part III, § 56 of the tax act, if that section stood alone, under *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68, and *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147.

The excise here in question stands on precisely the same footing with respect to St. 1909, c. 490, Part III, § 56, and St. 1914, c. 724, as did the excise tax assessed upon the Locomobile Company of America, which was before this court in *Locomobile Co. of America* v. *Commonwealth*, 228 Mass. 117. Said § 56 imposed an excise tax upon foreign corporations, for the privilege of doing a local as distinguished from an interstate business within this Commonwealth, of one fiftieth of one per cent on the par value of its authorized capital stock, the amount of the excise in any one year not to exceed $2,000. Said c. 724 imposed an excise of one one-hundredth of one per cent on the par value of the authorized capital stock of such corporations in excess of $10,000,000. We

thought that, because the excise imposed by said § 56, as applied to foreign corporations in situation similar to the Locomobile Company of America, doing local business within the Commonwealth, had been held not to offend against any provision of the Constitution of the United States in *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68, it followed that corporations with an aggregate capital stock of less than $10,000,000 and hence not directly affected by said c. 724, could still legally be taxed under said § 56 regardless of said c. 724. We said that it was not even necessary in that connection to discuss said c. 724. But it has been held that we were in error upon that point. Our judgment was reversed in *Locomobile Co. of America* v. *Massachusetts,* 246 U. S. 146. It there was decided on writ of error to this court that the excise was illegal and that the petitioner was entitled to recover the entire amount paid. That decision was made although the amount of the excise was ascertained wholly pursuant to the terms of said § 56 unaffected by said c. 724, and although, but for the enactment of said c. 724, the excise would have been valid under *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68. We recognize the binding nature of that decision. Our only concern now is to apply it to this and other cases accurately so far as we are able to understand it. It seems to us to cover the case at bar in every essential particular.

It is argued by the Attorney General that the question now presented is merely one of construction of statutes of this Commonwealth, as to which it is the settled practice of the Supreme Court of the United States to follow the interpretations of State courts, *Old Colony Trust Co.* v. *Omaha,* 230 U. S. 100, 116, *Northern Pacific Railway* v. *Meese,* 239 U. S. 614, 619, and further that the true construction of said § 56 and said c. 724 is that they are separable and that the first should be upheld even if the latter is unconstitutional.

We did not discuss or consider that question at all in *International Paper Co.* v. *Commonwealth,* 228 Mass. 101. We did not regard it as involved in that decision because we thought (erroneously as it has since been held in *International Paper Co.* v. *Massachusetts,* 246 U. S. 135) that both statutes together did not violate the rights of the petitioner under the Constitution of the United States.

We thought and still think that the plain words and direct result of our decision in *Locomobile Co. of America* v. *Commonwealth,* 228 Mass. 117, was that the two statutes were independent, separable and severable and that § 56 was and remained valid even if c. 724 should be held void, or, if its effect in combination with said § 56 should be to vitiate the system of taxation. *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 81. That was our purpose. But it would be vain at this time to amplify further our views to that effect. We are unable to discern any reason why in *Locomobile Co. of America* v. *Massachusetts,* 246 U. S. 146, it would not have been held that said § 56 and said c. 724 were separable and the excise valid under § 56, if that court had thought that principle of law to be pertinent. *International Textbook Co.* v. *Pigg,* 217 U. S. 91, 113. The conclusion cannot be escaped, in our opinion, that in *Locomobile Co. of America* v. *Massachusetts,* 246 U. S. 146, the Supreme Court of the United States decided that an excise, assessed and collected as was the one here assailed, was exacted illegally. It would be idle for us to discuss that question. The last word has been spoken by the court of final appeal upon that subject. That is a decision by which we are bound on this point. We yield to its controlling authority. That decision seems to us to govern exactly the case at bar.

It therefore is adjudged that the excise was exacted illegally, and an appropriate decree is to be entered in accordance with St. 1909, c. 490, Part III, § 71.

*So ordered.*