(85 South. 424)

## ATLANTIC COAST LINE RY. CO. v. STATE.
(3 Div. 427.)

(Supreme Court of Alabama. Jan. 22, 1920. Rehearing Denied Feb. 12, 1920.)

1. Constitutional law ☞229(1), 283—Taxation ☞113—Franchise tax based on paid-up stock of domestic corporation held constitutional.

Acts 1915, p. 397, § 16, based on Const. 1901, §§ 229, 232, requiring domestic corporations to pay franchise tax according to its paid-up capital stock, *held* not violative of Const. U. S. Amend 14.

2. States ☞67—Board not empowered to determine corporation's status as foreign or domestic, etc.; "claim."

The board of compromise empowered by Code 1907, § 2441, to settle any "claim" of the state, has no authority to determine the status of a corporation as either foreign or domestic or to require a foreign corporation to file the declaration required by section 3642, of foreign corporations; the "claim" referred to being a claim for debts or money demands and not a controversy as to whether a corporation is foreign or domestic, though such fact may have some bearing on the amount of claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Claim.]

3. Taxation ☞397—Order of board of compromise not conclusive as to status of corporation for franchise tax purposes.

Order of the board of compromise created by Code 1907, § 2441, providing that a corporation by way of compromise consents to file instrument designating agent and place of business in the state under section 3642, requiring foreign corporations to file such instrument, but reserves its rights as a domestic corporation, was not conclusive that the corporation was a foreign and not a domestic corporation with regard to amount of franchise tax under Acts 1915, p. 397, § 16.

4. Judgment ☞666—Must bind persons mutually to operate as an estoppel.

Judgments and decrees in order to operate as an estoppel must bind all persons having adverse interests mutually and equally, or not at all.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama against the Atlantic Coast Line Railway Company to recover franchise tax. From a judgment for the State, defendant appeals. Affirmed.

For the facts other than those stated in the opinion, see former report of this case in 202 Ala. 558, 81 South. 60.

John R. Tyson, of Montgomery, and W. E. Kay, of Jacksonville, Fla., for appellant.

The corporation was a Virginia corporation. Acts Gen. Assem. Va. 1899–1900, p. 24; 7 R. C. L. 132; 130 U. S. 1, 9 Sup. Ct. 409, 32 L. Ed. 837; 145 U. S. 393, 12 Sup. Ct. 953, 36 L. Ed. 748; 118 U. S. 290, 6 Sup. Ct. 1094, 30 L. Ed. 83; 161 U. S. 677, 16 Sup. Ct. 714, 40 L. Ed. 849; 129 N. Y. 474, 29 N. E. 959; 92 U. S. 665, 23 L. Ed. 757. At the time of the agreement there could only be a consolidation, and not a merger, under the statutes of Alabama. Sections 1167, 1168, Code 1907; 200 Ala. 449, 76 South. 381; 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450; 94 U. S. 718, 24 L. Ed. 810, and authorities, supra. To require this company to pay as a domestic corporation would violate the Fourteenth Amendment to the federal Constitution, as well as section 1, art. 4. 237 U. S. 351, 35 Sup. Ct. 610, 59 L. Ed. 989; 245 U. S. 146, 38 Sup. Ct. 54, 62 L. Ed. 208; 235 U. S. 261, 35 Sup. Ct. 37. 59 L. Ed. 220; 198 U. S. 341, 25 Sup. Ct. 669, 49 L. Ed. 1077; 239 U. S. 103, 36 Sup. Ct. 34, 60 L. Ed. 167, L. R. A. 1916C, 572; 216 U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355. Plea 2 was not subject to demurrer. Section 2441, Code 1907; 175 Ala. 579, 57 South. 942; 53 Ala. 623; 20 Ala. 798; 23 Cyc. 1306.

J. Q. Smith, Atty. Gen., and Lawrence E. Brown, Asst. Atty. Gen., for the State.

This case is ruled by former report in 202 Ala. 558, 81 South. 60. The additional questions are ruled by the following: 241 U. S. 111, 36 Sup. Ct. 535, 60 L. Ed. 912; 235 U. S. 261, 35 Sup. Ct. 37, 59 L. Ed. 220; section 2441, Code 1907; 49 Me. 586; 1 La. Ann. 93.

ANDERSON, C. J. The main controverted issue in this case is whether or not the appellant is subject to a franchise tax as a domestic or as a foreign corporation. The rate is the same, but the method for ascertaining the amount is different, in that domestic corporations are required to pay 40 cents on each $1,000 of its paid-up capital stock, while foreign corporations are required to pay 40 cents on each $1,000 on the amount actually employed in this state. Section 16 of the Act of 1915, p. 397, based upon sections 229 and 232 of the Constitution of Alabama of 1901, was discussed and treated in the case of L. & N. R. R. Co. v. State of Alabama, 201 Ala. 317, 78 South. 93; the state's contention being, and which prevailed in the trial court, that the appellant, as for the purpose of levying this franchise tax, is a domestic corporation, while the appellant's contention is that it is a foreign corporation and the tax should be based only upon the amount of capital employed in this state; the same thing contended for by the railroad in the case of Kansas City R. R. v. Stiles, 242 U. S. 111, 37 Sup. Ct. 58, 61 L. Ed. 176, 182 Ala. 138, 62 South. 734.

The case in hand has been before this court upon a former appeal, and we there held that this appellant was subject to the tax in question as a domestic corporation, and the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reason for so holding and the statutes and authorities upon which the conclusion was rested are fully set out in the opinion, and we see no need for an explanation or amplification of said opinion. State v. Atlantic Coast Line R. R., 202 Ala. 558, 81 South. 60.

[1] It is urged, however, upon this appeal that the tax in question violates the Fourteenth Amendment to the federal Constitution, upon the authority of International Paper Co. v. Massachusetts, 246 U. S. 135, 38 Sup. Ct. 292, 62 L. Ed. 624, Ann. Cas. 1918C, 617; Western Union Co. v. Kansas, 216 U. S. 1, 30 Sup. Ct. 190, 54 L. Ed. 355. We are willing to concede that the levy would be invalid under these cases, if the appellant is to be treated as a foreign instead of a domestic corporation. Indeed, the levy would be contrary to our own statute and Constitution if this appellant is a foreign corporation and was not correctly adjudged a domestic one upon the former appeal. The Kansas Case, supra, was fully considered and differentiated in principle from this one in the case of Kansas City R. R. Co. v. Stiles 242 U. S. 111, 37 Sup. Ct. 58, 61 L. Ed. 176; and we find nothing in the case of International Paper Co. v. Massachusetts, supra, that collides with or weakens in the slightest the principle announced in the Stiles Case, supra. Both features of our present franchise tax statute have survived the attack of violating the federal Constitution. As to the franchise tax on foreign corporations, see the case of L. & N. R. R. Co. v. State of Alabama, 201 Ala. 317, 78 South. 93, 248 U. S. 533, 39 Sup. Ct. 18, 63 L. Ed. 406. As to domestic corporations, see Kansas City R. R. v. Stiles, 242 U. S. 111, 37 Sup. Ct. 58, 61 L. Ed. 176, 182 Ala. 138, 62 South. 734. Therefore, if this appellant is a domestic corporation, as was held upon the former appeal, and which we now hold, there can be no question as to the validity of the present tax.

[2, 3] It is next insisted that the trial court erred in sustaining the state's demurrer to appellant's special plea 2, a point not presented or involved upon the former appeal. Said plea 2 is one of res judicata, relying upon a certain order or decree of the board of compromise as an estoppel, and which is made a part of said plea as Exhibit B. Section 2441 of the Code of 1907 provides:

"The Governor, Attorney General, and state auditor have authority to adjust, compromise, and settle, on such terms as to them may seem just and reasonable, any claim of the state against any person or corporation, or any public officer, or his sureties, or because of the negligence or default in the safe keeping, collection, or disbursement of the public moneys, or funds, or property, by any officer having charge or custody of either."

[4] The purpose of said section was to authorize the officers there named to compromise, adjust, or settle existing claims of the state against any person, corporation, or public officer. They were given no authority to fix or determine the nature or status of a corporation for all time to come, or to require it to file a declaration under section 3642 of the Code of 1907. The claims referred to in said section 2441 necessarily mean claims for debts or money demands owing or claimed by the state, and not controversies as to whether or not the corporation was a foreign or a domestic one, notwithstanding this fact may have some bearing upon the amount of the claim. On the other hand, it may be conceded, only for the purpose of deciding this case, that the Governor, the Attorney General, and the auditor had the authority to determine the question here involved and to render such a decree or order as set out in Exhibit B to said plea 2; yet the same was not final or conclusive that this appellant was a foreign corporation. The said order provides that the said Atlantic Coast Line Railroad consents to comply with section 3642 by way of compromise only, still reserving its rights as a domestic corporation. This order could not, therefore, be conclusive or binding on this appellant to the effect that it was a foreign and not a domestic corporation; and it is a well-established principle of law that judgments and decrees, in order to operate as an estoppel, must bind mutually and equally all persons having adverse interests, or not at all. Van Fleet's Former Adjudication, vol. 1, § 22, p. 110.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.