(135 So. 166)

### ELLIOTT ADDRESSING MACH. CO. v. JARMAN, Secretary of State.

#### 3 Div. 958.

Supreme Court of Alabama.

May 21, 1931.

Rehearing Denied June 11, 1931.

Thos. E. Knight, Jr., Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for the State.

ANDERSON, C. J.

The petition avers that the relator, a foreign corporation, applied to the respondent, Jarman, as secretary of state, for a permit as provided by section 42 of the Revenue Act of 1927 (Laws 1927, p. 171), after complying with the requirements of said provision. It was unquestionably the duty of the said Jarman to issue said permit, and had this mandamus been sought prior to February 21, 1931, it would no doubt be awarded; at any rate, the petition would not have been subject to the respondent's demurrer. But the petition was not filed until February 23d, after the enactment of the Act approved February 21, 1931, amending section 42 of the Act of 1927.

Under the Act of 1927, it was the duty of the secretary of state to issue the permit, but section 1 of the Act of 1931 changes section 42 of the Act of 1927 to the extent of requiring that application be made to and the permit be issued by the state tax commission instead of the secretary of state.

The new act also made it the duty of the secretary of state to immediately deliver to the state tax commission all money, checks, drafts, and like instruments received by him, and all books, records, and supplies kept or used by him under the provisions of this section. It is therefore manifest that the said Jarman, as secretary of state, had no authority to issue the permit after the 21st of February or when this petition was filed on February 23, 1931. Mandamus will not, of course, lie to compel one official to discharge a duty devolving upon another official body.

The last act is in no sense retroactive, as it deals only with licenses or permits not then issued. Had the permit been issued or these proceedings instituted before the adoption of the Act of February 21, 1931, and it was made applicable thereto, there might be some force in the suggestion that to so make it apply would give a retroactive effect, but such is not the case, as it deals only with present and future conditions.

Counsel for appellant suggests certain constitutional objections to the last act if given a retroactive effect, and, as such effect is not given, these suggestions are without merit.

It is also argued that the act violates the Federal Constitution because it discriminates between domestic and foreign corporations. This is authorized by sections 229 and 232 of the Constitution of 1901. Atlantic Coast Line R. R. v. State, 204 Ala. 80, 85 So. 424. Moreover, the last act is identical as to the tax with sections 42 and 43 of the Act of 1927, and, if repugnant to the Federal Constitution, section 42 of the Act of 1927 would for the same reason be ineffectual, and, if such was the case, there would be no duty resting upon the respondent to issue the permit, and he could not be forced by mandamus to discharge a duty not imposed by law.

The trial court did not err in sustaining the respondent's demurrer to the petition, and, as the relator declined to amend or plead over, properly rendered a judgment in favor of the respondent Jarman, as secretary of state.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.