WHEELER v. SMITH.

(Circuit Court, N. D. Illinois. February 15, 1897.)

ACTION AGAINST RECEIVER—NECESSITY OF LEAVE OF COURT—FEDERAL COURTS.
  The statute allowing receivers of federal courts to be sued without leave applies to a receiver appointed by a territorial court for a corporation created by act of congress; as, in making such appointment, the court acts as a federal, and not as a local, court.

At law.    Action on the case by Rose F. Wheeler, administratrix, against Charles W. Smith, as receiver of the Atlantic & Pacific Railroad Company.    Defendant filed a plea in abatement, denying jurisdiction.

Julius A. Johnson, for complainant.
Robert Dunlap, for defendant.

GROSSCUP, District Judge (orally).    The defendant, Smith, is the receiver of the Atlantic & Pacific Railroad, a road running from a point in New Mexico to a point in California, and was appointed in one of the territorial courts of Arizona.    The jurisdiction of the court is due to the fact that the railroad, by act of congress, is a federal corporation.    The suit here is by the plaintiff as administratrix, and was brought without leave having first been obtained from the Arizona court that its receiver might be sued.    The defendant, by a plea in abatement, challenges the jurisdiction of the court.    The statutes of the United States provide that receivers of United States courts may be sued without leave of the court having first been obtained.    The only inquiry is whether the defendant, within the meaning of this statute, is a receiver of the United States court.    The territorial courts of the United States sit in a double capacity:    First, as courts of the United States having cognizance of all questions that properly come within a federal court,—such, for illustration, as those arising under the constitution and laws of the United States; second, as local courts, enforcing the municipal laws of the territory.

Whether congress meant, by the act in question, to permit receivers representative of the court in its local capacity to be sued anywhere, without leave having first been obtained, is not a question I need decide.    It is plain to me that the appointment of this defendant as receiver for this railroad was done by the court in its federal, as distinguished from its local, capacity.    The jurisdiction is founded upon the company's being a United States corporation, and corporations created by the United States are, by virtue of that fact, amenable to the federal courts.    The plea to the jurisdiction cannot be sustained.