In the matter of the taxation of THE UNITED STATES CAR COMPANY.

### [Filed July 7th, 1899.]

"An act to provide for the imposition of state taxes upon certain corporations, and for the collection thereof" (*Gen. Stat. p. 3335*), requires that all corporations incorporated under the laws of this state, with certain specified exceptions, shall pay an annual license fee or franchise tax of one-tenth of one per cent. on all amounts of capital stock issued and outstanding, &c.—*Held*, that a license fee assessed against an insolvent corporation by virtue of this statutory provision is entitled to priority in payment out of the assets in the hands of the receiver of said corporation, notwithstanding the fact that such a license fee was imposed upon the corporation subsequent to the appointment of the receiver, and that the latter had not, since his appointment, exercised any of the corporate franchises.

---

On appeal from a decree of the chancellor, whose opinion is reported in *Crews* v. *United States Car Co., 12 Dick. Ch. Rep. 357.*

*Mr. Samuel H. Grey,* attorney-general, for the appellant.

*Messrs. McGee, Bedle & Bedle,* for the respondents.

The opinion of the court was delivered by

GUMMERE, J.

This is an appeal from a decision of the chancellor, affirming the rejection by the receivers of the United States Car Company . (an insolvent corporation) of the claim of the State of New Jersey to be paid the amount of a state tax assessed against the company, under the provisions of the miscellaneous corporation tax act, subsequent to the entry of the decree of insolvency and the appointment of the receivers.

Section 4 of the act under which the assessment was made, after providing for the imposition of a license fee upon certain specially designated corporations, among which the United States Car Company is not included, declares that "all other corporations incorporated under the laws of this state, and not hereinbefore provided for, shall pay an annual license fee or franchise tax of one-tenth of one per centum on all amounts of capital stock issued and outstanding," &c.; and section 6 enacts that "such tax shall be a preferred debt in case of insolvency." *Gen. Stat. p. 3335.*

The receivers in the present case have not in their hands assets sufficient to pay those debts of the corporation which existed at the time of their appointment, nor have they continued the business of the corporation in any way, nor exercised any of its franchises. The question presented for decision by this court is whether under these circumstances the state is entitled to priority in payment, out of the assets in the hands of a receiver, of a tax assessed against the corporation, after his appointment.

In the court below it was considered that the liability of a receiver to pay such tax, to the detriment of the general creditors, depended upon whether the franchises of the company were a valuable asset in his hands, and whether he continued to use them, after his appointment, for the benefit of the creditors and stockholders of the corporation, and, reaching the conclusion that in the case now before us the corporate franchises were valueless, and it being admitted that they had not been used by the receivers, the court decreed that the tax assessed was not payable out of the funds in their hands until after all indebtedness existing at the time of the appointment of the receivers was discharged.

We cannot concur in this view. Although the statute designates an imposition of this kind as a license fee or franchise tax, it plainly is not a tax upon corporate franchises. In fact it is not, strictly speaking, a tax at all, nor has it the elements of one. It is in reality an arbitrary imposition laid upon the corporation, without regard to the value of its property or of its franchises, and without regard to whether it exercises the latter or not, solely as a condition of its continued existence. The state, in creating a corporation, has the right to impose upon its creature such conditions as the legislature, within constitutional limits, may deem proper, and the acceptance by the corporation of the franchises, powers and privileges conferred upon it binds it to the performance of those conditions so long as it continues to remain in possession of those franchises, powers and privileges, and the conditions themselves remain unrevoked by the legislature. And this is so without regard to the solvency or insolvency of the corporation, the value or want of value of its franchises, or whether or not it is exercising them, either by its officers and directors or through a receiver. The sole test, in determining its liability to comply with those conditions, so long as they remain unrevoked, is the existence or non-existence of the corporation.

Applying this test, it is quite clear that the so-called tax was properly imposed in the present case. At the time of its imposition, although the company had been decreed to be insolvent, no decree of dissolution had been pronounced against it, but, on the contrary, its corporate life was continued for the benefit of its creditors pending the final distribution of its assets.

But it is contended on behalf of the receivers that even if it be considered that this "tax" was properly laid, still, by force of the statute under which it was assessed, it became "a debt due to the state *when determined,*" and that, as it was not "determined" until some months after the receivers were appointed, it was, distinctly, not a debt of the corporation at the time of their appointment, and consequently is not payable out of the assets in their hands, for the reason that, by their appointment, such assets were converted into a trust fund for *then existing*

In re United States Car Co.

creditors.  In support of this contention *Hollins* v. *Brierfield, 150 U. S. 371,* and *Cook Stock.* (*4th ed.*) § *9,* are cited.

It seems to us, however, that this contention cannot prevail without disregarding the statutory provisions which regulate the subject.  Section 6 of the act under which this so-called tax is laid declares, as has already been stated, that such tax shall be a preferred debt in case of insolvency," and section 68 of the Corporation act (*P. L. of 1896 p. 209*) provides that

"all the real and personal property of an insolvent corporation, and all its franchises, rights, privileges and effects, shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

It is manifest, therefore, that when the "tax" is assessed against an insolvent corporation, after the appointment of a receiver, the fund out of which its payment must be preferred is that which is in his hands, for there is no other fund upon which it can be charged, and, consequently, in no other way can each of these two statutory provisions be given full force and effect.

The decree appealed from should be reversed, and the receivers directed to pay into the state treasury the amount of the disputed tax.

*For reversal*—Depue, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Bogert, Vredenburgh—9.

*For affirmance*—The Chief-Justice, Collins, Hendrickson, Nixon, Adams—5.