### In re DANVILLE ROLLING MILL CO.

#### (District Court, E. D. Pennsylvania. April 3, 1903.)

#### No. 877.

1. BANKRUPTCY—SUM DUE STATE—CHARACTER AS TAX—DECISION OF STATE COURT—EFFECT—PROPRIETY OF ALLOWANCE.

The annual license fee imposed by P. L. N. J. p. 232, on corporations, having been held by the court of last resort of that state not to be a tax, but an arbitrary imposition laid on corporations as a condition of continued existence, is not provable under Bankr. Act, § 64, cl. "a," Act July 1, 1898, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], requiring the trustee to pay all taxes legally due and owing to the United States, state, etc.

2. SAME—CONTRACTUAL OBLIGATION.

An annual license fee imposed by a state on corporations is not a contractual obligation attaching by implication from the inception of the company, so as to be provable under Bankr. Act, § 63, cl. 4, Act July 1, 1898, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], including debts founded on contract, express or implied, against the estate of a corporation becoming a bankrupt before the fee for the year is assessed or collectible.

In Bankruptcy.

Arthur Dickson, for State of New Jersey.
John Dickey, for trustee.

J. B. McPHERSON, District Judge. The learned referee was right, I think, in disallowing the claim of the state of New Jersey, founded upon its revenue act of April 18, 1884, for a license fee, or franchise tax, for the year 1901 (P. L. p. 232). The court of errors and appeals of New Jersey, in the U. S. Car Co.'s Case, 60 N. J. Eq. 514, 43 Atl. 673, has used this language concerning the annual sum exacted from corporations under the provisions of this statute:

"Although the statute designates an imposition of this kind as a license fee or franchise tax, it plainly is not a tax upon corporate franchises. In fact, it is not, strictly speaking, a tax at all, nor has it the elements of one. It is in reality an arbitrary imposition laid upon the corporation, without regard to the value of its property or of its franchises, and without regard to whether it exercises the latter or not, solely as a condition of its continued existence."

In the state of New Jersey, therefore, the sum in dispute is not a "tax," and accordingly cannot be allowed under section 64, cl. "a," of the bankrupt act (Act July 1, 1898, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]); for, after a declaration by its highest court that the annual charge was not a tax, properly speaking, the state could not be permitted to claim in another forum that the charge was nevertheless included in the language of the bankrupt act, that requires the trustee to pay "all taxes legally due and owing to the United States, state, county, district, or municipality."

But it is urged on behalf of the state that the claim is a provable debt under clause 4 of section 63, which includes debts "founded upon * * * a contract, express or implied." It is argued that when the corporation was created a continuing contract was immediately im-

plied that it would pay whatever sum the state might legally require from it thereafter. This being so, it made no difference (thus the argument proceeds) that, when the petition in bankruptcy was filed in January, 1901, followed by an adjudication in the next month, the so-called tax for the year had not been ascertained or assessed, nor that the statutes of the state did not make it demandable until the first Monday of June, because the implied contract is to be regarded as making the corporation, at the moment of its creation, contingently liable for all future taxes and charges that might be imposed by the state. The ascertainment of the amount for 1901 was a mere liquidation of a liability that had existed from the birth of the corporation, and therefore the obligation to pay existed when the petition was filed, although the precise sum to be paid had not yet been ascertained. This argument is ingenious, but I do not regard it as sound. In my opinion, clause 4 of section 63 does not refer to any such implied contract, as, for the purposes of this case, may be conceded to exist between the corporation and the state. As I read the statute, the subject of "taxes," whatever may be the scope of the word, is dealt with by the bankrupt act in clause "a" of section 64, and is not referred to at all in clause 4 of the preceding section. Certainly, the ordinary meaning of the phrase, "a contract, express or implied," does not include the public duties that a corporate creature owes to its sovereign creator. If it includes the duty to pay lawful annual charges, it also includes the duty to obey all other laws; and since "debt," in the bankrupt act, means "any debt, demand, or claim provable in bankruptcy," it would follow logically that any money claim of the state against a corporation, arising out of a violation of law, would be also provable. It seems to me impossible to stretch the language of this clause so far as to include the subject now under consideration.

The disallowance of the claim is approved.