(93 South. 595)

## STATE v. BRADLEY. (6 Div. 500.)

(Supreme Court of Alabama. June 30, 1922.)

**1. Corporations ⬄559(3) — Appointment of receiver does not dissolve corporation.**

The appointment of a receiver does not work a dissolution of the corporation.

**2. Receivers ⬄174(1)—Receiver appointed· by United States District Court may be sued without the permission of that court.**

A receiver appointed by a District Court of the United States may be sued without permission of the court making the appointment.

**3. Taxation ⬄124½—Franchise tax collectible from corporation under receivership.**

The franchise tax required by the Const. § 229, and provided for by the Revenue Law of 1919, is collectible from all corporations not exempted, including those under receivership, and, though the receiver is not personally liable, it is his manifest duty to satisfy out of the funds in his hands all valid taxes or governmental impositions in that nature that would have been demandable of the corporation had the receivership not been created.

**4. Taxation ⬄309—Collection of franchise tax is ministerial and requires no assessment, notwithstanding prescribed statutory proceedings judicial in nature.**

The franchise tax.imposed on all domestic corporations by Revenue Law 1919, pursuant to Const. § 229, is based on the existence of such corporations and the amount of paid-up capital stock, and its collection is merely a ministerial act not requiring or admitting of an assessment, notwithstanding the proceedings prescribed by sections 21 and 22 are judicial in nature.

**5. Taxation ⬄309 — "Assessment" a judicial act of listing and appraising.**

"Assessment" for the purpose of taxation is a quasi judicial act consisting of a listing and appraisal· of the value of the items of property listed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assessment.]

**6. Taxation ⬄117—Franchise tax collectible though there is complete corporate inactivity.**

The franchise tax imposed by Revenue Law 1919 upon corporations is based upon the existence of such corporation, and not the continued exercise of the franchise, and is collectible, though complete corporate inactivity exists.

**7. Taxation ⬄840—Franchise tax penalty held collectible from receiver from funds in his hands.**

The penalty for delay in payment of franchise tax imposed by section 24 of Revenue Law 1919 applies to domestic corporations in the hands of receivers and is collectible from a receiver from funds in his hands.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the State of Alabama against Lee C. Bradley, as receiver of Birmingham Railway, Light & Power Company, to recover franchise taxes and penalties. From a judgment sustaining defendant's demurrers to the complaint, the plaintiff suffers nonsuit and appeals. Reversed and remanded.

Section 24 of the Alabama Revenue Law of 1919 (Acts 1919, pp. 294, 295) is as follows:

"Sec. 24. That the franchise tax of foreign and domestic corporations as authorized and levied by this act, shall run according to the calendar year, and shall be due on the first day of January of each 'year for the tax of the current calendar year. Such corporation shall be allowed thirty days after the first of January within which to pay said tax, but if delinquency continues after thirty days, there shall be col- ·lected a penalty of five per cent. for each month or part thereof, 'that the tax shall remain unpaid after the beginning of the delinquent period. In the case of a corporation not incorporated or doing business in the state during the year preceding the year for which the tax is to be paid, or that had not entered the state during said period, but which is organized or enters the state after January 1st, and during the calendar year for which the tax is assessed and levied, the said franchise tax under the terms of this act owing by such corporation shall be due and payable within thirty days after the state tax commission has fixed the amount of the tax, and if not paid within said term of thirty days, the tax shall become delinquent and a penalty shall accrue of five per cent. of the amount of the tax owing for each thirty days or fractional part thereof the same is delinquent."

Harwell G. Davis, Atty. Gen., and Henry P. White, of Alexander City, for appellant.

All corporations organized under the laws of Alabama, except those expressly exempted by the Constitution, are required to pay an annual franchise tax. Const. 1901, § 229; 18 Ala. App. 253, 91 South. 917; 160 Ala. 253, 48 South. 659; Acts 1919, p. 291, § 15. The franchise tax is on the right of corporate existence, as distinguished from a license or

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

privilege tax, and liability therefor continues as long as the corporation exists. 182 Ala. 142, 62 South. 734; 242 U. S. 211, 37 Sup. Ct. 95, 61 L. Ed. 251; 160 Ala. 396, 49 South. 404; 146 Ala. 177, 41 South. 465; 60 N. J. Eq. 514, 43 South. 673; 26 R. C. L. 159.; 117 U. S. 129, 6 Sup. Ct. 645, 29 L. Ed. 830. Appointment of a receiver does not dissolve the corporation or affect its liability for taxes. 8 Fletcher, Cyc. Corp. § 5280; 41 N. J. Law, 235; 220 Fed. 90, 135 C. C. A. 658, L. R. A. 1915E, 211; 185 Ala. 354, 64 South. 13, L. R. A. 1915D, 98; 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705. The receiver stands in the place of the corporation and may be sued for corporate debts. 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796; 145 U. S. 601, 12 Sup. Ct. 905, 36 L. Ed. 829; 162 Mo. 605, 63 S. W. 485; 1 Clark on Rec. § 721; 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; 57 Tex. Civ. App. 79, 121 S. W. 899; 153 N. C. 19, 68 S. E. 894; 152 N. C. 247, 67 S. E. 588; 146 Ala. 177, 41 South. 465; 78 Fed. 693, 24 C. C. A. 280, 69 L. R. A. 705. The imposition of a penalty for nonpayment of taxes rests in the sound discretion of the Legislature. Acts 1919, p. 224; 37 Cyc. 1542; 282 Ill. 245, 118 N. E. 469; 125 Va. 337, 99 S. E. 573, 101 S. E. 404; 132 Ark. 391, 200 S. W. 1032; 165 U. S. 304, 17 Sup. Ct. 345, 41 L. Ed. 725. No assessment is required as a condition to collection of the franchise tax. Const. 1901, § 229; (Ala. App.) 89 South. 901.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

Statutes imposing taxes and licenses are strictly construed against the state. 25 R. C. L. 1092; 36 Cyc. 1189; 26 A. & E. Encyc. (2d Ed.) 669; 88 Ohio St. 1, 102 N. E. 264; 159 Ind. 182, 64 N. E. 661, 58 L. R. A. 949, 95 Am. St. Rep. 280; 73 South. 5; 138 Ala. 108, 35 South. 38. Under the strict rule of construction the receiver is not liable for the franchise tax. 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159; 108 Me. 272, 80 Atl. 741, Ann. Cas. 1913A, 1303; 108 Me. 296, 80 Atl. 750; 71 Vt. 234, 44 Atl. 349; 123 Mass. 493, 229 Fed. 892, 144 C. C. A. 174; 246 Fed. 545, 158 C. C. A. 515. Even if liable for the tax, the receiver would not be subject to the penalty. Minor (Ala.) 150; 177 U. S. 305, 20 Sup. Ct. 609, 44 L. Ed. 780.

McCLELLAN, J. The state of Alabama sued, in assumpsit, Lee C. Bradley, as receiver of the Birmingham Railway, Light & Power Company, a domestic corporation, to recover the amount of "franchise taxes" incepting and accruing pending the receivership for the calendar years 1920 and 1921, with statutory penalties for defaults in payment beyond 30 days after January 1st of the respective calendar years 1920 and 1921. The complaint avers that during those years the corporation was and continues to be an existing corporation with a paid-up capital stock of $7,400,000. Defendant's demurrer being sustained to the entire complaint, the state suffered nonsuit, and appeals.

The receivership was created by the District Court of the United States, sitting for the Northern district of Alabama.

[1] The appointment of the receiver did not dissolve the corporation. Railroad Commission v. Alabama Great Southern R. Co., 185 Ala. 354, 359, 64 South. 13, L. R. A. 1915D, 98.

[2, 3] A receiver appointed by a District Court of the United States may be sued without previous permission of the court making the appointment. His liability in the particular action is, of course, another matter.

"Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his * * * liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands." McNulta v. Lockridge, 141 U. S. 327, 332, 12 Sup. Ct. 11, 13 (35 L. Ed. 796).

Since under this complaint the only judgment possible to enter must be against the estate of the corporation, the subject of the receivership, for a liability of the corporation, not against the receiver personally in any event, the grounds of demurrer taking the objection that the state's annual franchise tax is not imposed upon a receiver eo nomine of a corporation, or upon a corporation in the hands of a receiver, are without merit. To conclude otherwise would involve sanction of the proposition that, though imposed by Constitution and statute upon all domestic corporations (not excepted), a "franchise tax" might be avoided by the creation of a receivership.

It is the manifest duty of a receiver of an existing domestic corporation to satisfy out of the funds in the receiver's hands all valid taxes or governmental impositions in that nature imposed by the corporation's creator that would have been demandable of the corporation had the receivership not been created. In re U. S. Car Co., 60 N. J. Eq. 514, 516, 517, 43 Atl. 673.

[4, 5] By section 229 of the 1901 Constitution of Alabama it is provided:

"The Legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by corporations organized under the laws of this state, which shall be in proportion to the amount of capital stock; but strictly benevolent, educational, or religious corporations shall not be required to pay such a tax."

This provision is mandatory; and the Legislature has conformed to the mandate thereby given. State ex rel. v. Elba Bank & Trust Co. (Ala. App.) 91 South. 917.[1] The

---

[1] 18 Ala. App. 253.

Legislature has fixed the tax periods for which the "franchise tax" shall be paid. It has established the rate of the "franchise tax" upon the Constitution's basis of "capital stock." It has prescribed the occasion, and the official receiptor, of the payment of the "franchise tax," and determined the circumstances under which delinquency and default in payment occur. The Constitution of 1901 (section 229, quoted ante) and the laws of Alabama impose "franchise taxes" upon all existing domestic corporations, aside from exceptions of classes of which this corporation is not a member. Given the existence of a domestic corporation, the rate and tax period being prescribed by law as has been done, the only possible inquiry is the amount of the paid-up capital stock of the corporation. No assessment of the charge or imposition of this "franchise tax" is required or even possible under the laws, organic and statutory, of this state. Assessment, for purpose of taxation—a quasi judicial act—was defined in Perry County v. R. R. Co., 58 Ala. 552, as consisting of a listing and an appraisal of the value of the items of property listed. Neither of these acts is requisite to the imposition or exaction of a "franchise tax" on domestic corporations; the laws of the state themselves effecting to impose the charge and exact its payment in expressly stipulated circumstances. The ascertainment, in a concrete case, of the monetary measure of the "franchise tax" imposed and demandable, upon the basis of the domestic corporation's paid-up capital stock, is not a judicial, but a ministerial, act of the governmental authority charged with the duty of performing that service. Grider v. Tally, 77 Ala. 422, 424-426, 54 Am. Rep. 65.

A duty "is ministerial when the law exacting its discharge prescribes and defines the time, mode, and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act." Grider v. Tally, supra.

In ascertaining the sum of the paid-up capital stock for the calculation of the amount of the "franchise tax" demandable of a domestic corporation, no judicial discretion or judgment is left to the body charged with that duty. The fact that by section 21 of the Revenue Law of 1919 processes common to proceedings judicial in nature are expressed in terms customarily employed in prescribing and defining proceedings of that nature does not effect to change the nature of the act, in respect of domestic corporations, from a ministerial to a judicial act. Likewise the provisions (section 22 of the 1919 Revenue Act) authorizing "appeals" by the state and the domestic corporation do not alter the nature of the act of ascertaining the amount of the paid-up capital stock or the amount of the "franchise tax."

The Court of Appeals, in State ex rel. v. Crane Co. (Ala. App.) 89 South. 901[2]—certiorari to this court to review that court's conclusion being denied in Ex parte State, etc., 206 Ala. 701, 90 South. 926—was considering the nature of the act involved in ascertaining the amount of capital employed in this state by a foreign, not a domestic corporation; the measure of the "franchise tax" demandable of foreign corporations depending upon the proportion of its capital employed in this state. The conclusion of the Court of Appeals in pronouncing that act judicial in nature, under the Revenue Law of 1915 (Acts 1915, p. 386), was well founded.

[6] The subject of the creator's imposition of this "franchise tax" is the existence of the corporation, not the "continued exercise of the corporate franchise." K. C., M. & B. R. Co. v. Stiles, 182 Ala. 138, 142, 62 South. 734, 735; Id., 242 U. S. 111, 37 Sup. Ct. 58, 61 L. Ed. 176. A domestic corporation not excepted by the Constitution cannot avoid or escape this "franchise tax" by even complete corporate inactivity. The nature and subject of the imposition of this "franchise tax," as defined in the Stiles Case, supra, discriminates the case under review from the act of Congress considered in United States v. Whitridge, 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159; the act there involved imposing the charge, an excise tax, upon the "doing of business" by the corporation as measured by a described net income, an exaction materially different from Alabama's "franchise tax," which, as stated, is imposed upon corporate existence, not corporate activity or exerted corporate function. K. C., M. & B. R. Co. v. Stiles, 182 Ala. 138, 142, 62 South. 734; Id., 242 U. S. 111, 37 Sup. Ct. 58, 61 L. Ed. 176.

[7] These considerations dispose adversely to the appellee of all grounds of the demurrer except those grounds questioning some of the counts of the complaint wherein recovery of the statutory penalty for default in seasonably paying the annual "franchise tax" is sought. In the report of the appeal section 24 of the 1919 Revenue Act is reproduced. The section (24) providing the penalty, designed to coerce payment of "franchise tax," is valid. W. U. Tel. Co. v. Indiana, 165 U. S. 304, 17 Sup. Ct. 345, 41 L. Ed. 725; 37 Cyc. p. 1542. The penalty is imposed by section 24 upon all delinquents. Domestic corporations in the hands of receivers are not excepted from the penalty. There is no authority in the courts to introduce an exception in favor of a delinquent domestic corporation. The failure seasonably to pay the "franchise tax" as the laws require is the basis of the penalty. According to the complaint, default has occurred. The judgment sought as for the penalty is against the receiver as such, not against him personally,

----

[2] 18 Ala. App. 194.

and any judgment rendered is payable alone out of the corporate funds in his hands. Hence there is no merit in the contention that a receiver cannot be made liable for the penalty.

The demurrer was erroneously sustained. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.