The matter sub judice is an appeal filed in behalf of the State of Delaware, pursuant to the provisions of section 78 of the General Corporation act of New Jersey (Revision of *Page 469 
1896), from disallowance by the receivers of the defendant insolvent corporation, of franchise tax claims. The defendant, American Salpa Corporation, is a Delaware corporation. All of its assets were at all times located in Spotswood, New Jersey, where it had a manufacturing plant erected upon a large tract of land. The plant consisted of about twenty-one buildings, equipped with machines and other furnishings adapted to the manufacture of "salpa," a leather product. The plant contained also miscellaneous furniture and fixtures. The corporation merely maintained a statutory agent in Delaware. On May 4th, 1931, the defendant was declared insolvent by this court, and statutory receivers were appointed therefor. The defendant was not operating its business plant at the time of the appointment of the receivers. The receivers did not at any time conduct the business of the defendant. The State of Delaware filed a claim with the receivers for a franchise tax for the year 1930, due April 1st, 1931 ($1,010.42), and therefore prior to the decree of insolvency and appointment of receivers herein, and for the year 1931, due April 1st, 1932 ($1,050), and therefore subsequent to the decree of insolvency and appointment of receivers herein; and for a $25 penalty for failing to file a report for the year 1932. Said claims, aggregating $2,085.42, which were filed aspreferred claims, were disallowed by the receivers on October 28th, 1932. The receivers not only disallowed said claims as preferred claims, but also as general claims. The claimant, on October 31st, 1932, appealed from such determination of the receivers, and said appeal is now submitted to the court upon a stipulation of facts filed herein. The defendant has never been dissolved, nor has its corporate franchise been forfeited or revoked by the State of Delaware. In behalf of the claimant it is urged that the determination of the receivers in disallowing its aforesaid claims is erroneous, that such determination should be reversed, and that its claims should be allowed as preferred claims. I am in accord with the claimants in such respect. InState v. Surety Company of America (Court of Chancery ofDelaware, July 25th, 1932), 162 Atl. Rep. 852, 854, the court says: "The *Page 470 
franchise tax law under which the taxes in question were assessed, in section 65 (Revised Code 1915, section 102), as amended (36 Del. Laws ch. 6 § 1), provides that an annual tax shall be paid `for the use of the state, by way of license for the corporate franchise as hereinafter mentioned.' It is a debt due the state. The statute elsewhere expressly so provides. It does not seem necessary, in view of the language of the statute, to indulge in any discussion in order to support the statement that the tax is one that is imposed on the corporation for the privilege of existing. The mere retention by the corporation of its charter creates the obligation to pay the tax, irrespective of whether or not the corporation is in the active conduct of the business which it was created to carry on. People of State ofNew York v. Jersawit, 263 U.S. 493; 44 Sup. Ct. 167;68 L.Ed. 405." In the Jersawit Case, supra, the United States supreme court held that the franchise tax sub judice was a tax upon the right conferred upon the corporation by the state, and not upon the actual exercise of such right. The chancellor of the Delaware court, in the case of State v. Surety Company of America,supra (at p. 854), says: "The tax, then, being of the nature it is, can the estate in the hands of the receiver be held liable to pay it when the year or years for which it is assessed ensued after the receiver's appointment and during the period of liquidation of the estate, and when the receiver was not engaged in and the corporation was under injunction against, conducting or operating the business? That is the question. It is undenied, indeed it is admitted, that the corporation itself is liable for the tax. But in this particular case if the liability for the tax debt is collectible from the corporation only, it will never be collected because the receivership has ousted the corporation from all of its assets and looks to a distribution of them among creditors and stockholders. When it comes to ascertaining who the creditors are, the receiver says that the state is not to be included among them except for taxes that had accrued prior to the date of his appointment, that the assets on that date became a trust fund for the benefit of creditors and stockholders, citing Mackenzie *Page 471 Oil Co. v. Omar Oil and Gas Co., 14 Del. Ch. 36;120 Atl. Rep. 852, and that the class of creditors for whose benefit the trust is to be administered was rigidly fixed as of the date of the appointment. Hence, the receiver contends, the state, in so far as taxes subsequently accrued are concerned, is not in the class of creditors. * * * Where the question has been directly presented of whether in a purely liquidating receivership franchise taxes assessed by the state upon a corporation for its privilege to exist are payable out of the estate in the hands of a receiver, notwithstanding such taxes have accrued since the date of his appointment, and notwithstanding the corporate franchise was of no value to the receiver and that he had never in fact made any use of it, the weight of authority supports the claim of the state to be paid. In re United States Car Co.,60 N.J. Eq. 514; 43 Atl. Rep. 673, 674; People of State of New York
v. Hopkins (C.C.A.), 18 Fed. Rep. 2d 731; Conklin v.United States Shipbuilding Co. (C.C.), 148 Fed. Rep. 129;Duryea v. American, c., Co. (C.C.), 133 Fed. Rep. 329;State v. Bradley, 207 Ala. 677; 93 So. Rep. 595;26 A.L.R. 421." The court held that the tax sub judice was payable notwithstanding the years for which it was assessed followed after the receiver was appointed, but that no franchise tax was collectible for more than two years, citing Rev. Code 1915 §111, as amended by 36 Del. Laws ch. 6 § 10. Inasmuch as the claimant in the matter now before me on appeal from the determination of the receivers herein is the State of Delaware, the above cited case appears to favor the appellant and to be dispositive of the appeal herein. The fact that it is dispositive of the appeal now in question is augmented by the fact that the Delaware court cited with approval the opinion of our court of errors and appeals In re United States Car Co., 60 N.J. Eq. 514,
wherein it was held: "Although the statute designates an imposition of this kind as a license fee or franchise tax, it plainly is not a tax upon corporate franchises. In fact, it is not, strictly speaking, a tax at all, nor has it the elements of one. It is in reality an arbitrary imposition laid upon the corporation, without regard to the *Page 472 
value of its property or of its franchises, and without regard to whether it exercises the latter or not, solely as a condition of its continued existence. The state, in creating a corporation, has the right to impose upon its creature such conditions as the legislature, within constitutional limits, may deem proper; and the acceptance by the corporation of the franchises, powers and privileges conferred upon it binds it to the performance of those conditions, so long as it continues to remain in possession of those franchises, powers and privileges, and the conditions themselves remain unrevoked by the legislature. And this is so without regard to the solvency or insolvency of the corporation, the value or want of value of its franchises, or whether or not it is exercising them, either by its officers and directors, or through a receiver. The sole test, in determining its liability to comply with those conditions, so long as they remain unrevoked, is the existence or non-existence of the corporation. Applying this test, it is quite clear that the so-called tax was properly imposed in the present case. At the time of its imposition, although the company had been decreed to be insolvent, no decree of dissolution had been pronounced against it; but, on the contrary, its corporate life was continued for the benefit of its creditors pending the final distribution of its assets."
I will advise an order that the disallowance by the receivers herein of the franchise tax claims presented to them in behalf of the State of Delaware was erroneous, reversing the determination of the receivers in such respect, and directing said receivers to allow said claims as preferred claims. *Page 473