162 So. 267

## LINDSEY v. STANDARD ACC. INS. CO. OF DETROIT et al.

### 7 Div. 327.

Supreme Court of Alabama.

June 6, 1935.

Rehearing Denied June 27, 1935.

Culli & Culli, of Gadsden, for appellant.

Inzer, Davis & Martin, O. R. Hood, and Roger C. Suttle, all of Gadsden, and H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellees.

636

THOMAS, Justice.

The bill is for discovery and accounting, and prays for general relief.

Demurrers were sustained thereto at the instance of the several defendants.

█ A court of equity exercises general jurisdiction for an accounting on facts showing a necessity for discovery of matters peculiarly within the knowledge of a respondent, or fiduciary relationship, or such species of fraud or wrongdealing as would authorize that court to take cognizance thereof. Julian v. Woolbert, 202 Ala. 530, 81 So. 32; Comer et al. v. Birmingham News Co., 218 Ala. 360, 118 So. 806; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463.

And a bill to recover public funds deposited by an official in a bank without surety held not multifarious because the principal on the several official bonds and respective sureties were made parties respondent. National Surety Co. v. State et al., 219 Ala. 609, 123 So. 202; section 6526, Code. See, also, recent cases of Planters' Warehouse & Commission Co. v. Barnes et al., 229 Ala. 572, 159 So. 63; First Nat. Bank of Eutaw v. Barnes et al., 229 Ala. 612, 159 So. 68; and Ridley et al. v. Moyer, ante, p. 517, 161 So. 526, as to multifariousness.

In a suit against a corporation it was held proper to join some officer or officers having the custody and control of the specific property of the corporation—the subject of the suit—where the gravamen of the prayer of the bill was for discovery, and it was declared that only through such officer or officers could a true answer for the corporation and discovery be made. Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 610, 43 So. 805, 9 L. R. A. (N. S.) 1255; Gulf Red Cedar Co. et al. v. Crenshaw et al., 138 Ala. 134, 35 So. 50; 1 Pomeroy's Eq. Jur., page 194, § 199.

█ In this suit it is averred that the respondent bank is insolvent and in process of administration by federal authority; that it had received and was holding on special deposit the liberty bonds in question; that it had for years collected and deposited with itself the respective dividends as they accrued, depositing such dividends to the account of their individual depositor and owner. It was thus not acting as a gratuitous bailee.

The receiver and liquidator in this suit represented the corporation as a proper party respondent in his representative capacity and not as an individual. It is admitted by appellees' counsel that the appointment of a federal receiver for a national bank did not work its dissolution or destroy its corporate entity for the purposes recognized by law; that suit can be brought and maintained either at law or in equity in a proper case against that legal entity. This fact is urged by appellees as indicating that the appellant had a complete and adequate remedy at law. We shall indicate the processes of a law court are not adequate within the rule of a resort to equity.

█ It should be borne in mind that when the bill is aided by the exhibit, as it must be (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90), a judgment is not sought in the general sense against the trust estate so administered by the receiver, but is sought as to the indemnity or suretyship under the bank's blanket bond for good conduct of its respondent officials. That is to say, the averment that the bank's agents having possession and control of the bonds held

on special deposit, and alleged to have been fraudulently embezzled or unlawfully converted by one or some of them to his or their use, when considered with the averment of insolvency of the corporation, made a case of equitable cognizance under the prayer of the bill and the fact showing the necessity for discovery and accounting. Friedman v. Fraser et al., 157 Ala. 191, 47 So. 320.

■■ The defendant Standard Accident Insurance Company had contracted with the bank under the blanket policy issued, against such wrongful conduct or defalcation of the officials in charge, and as surety was affected by the discovery to be had, which touched upon its liability to the bank and the liability of the official to the surety company, as well as to the complainant. It would appear from this, that the rights of the complainant were in such wise involved with these conflicting liabilities and interests of respondents, that in equity they may be availed of as against, and protected by the blanket policy in the nature of subrogation to the insolvent bank's rights to that policy. The fact that other parties at interest may make due claim on the bond will not defeat this suit.

■ Thus we are brought to the ground of demurrer challenging the right of action against the national bank or its legal representative. In 7 C. J. 760, § 585, the authorities are collected to the effect that: "As national banks are subject to the paramount authority of the United States, it follows that an attempt by a state to define their duties or to control the conduct of their affairs is absolutely void whenever such attempted exercise of authority expressly conflicts with the laws of the United States, and either frustrates the purpose of the national legislation, or impairs the efficiency of these agencies of the federal government to discharge the duties for the performance of which they were created. But national banks are subject to the laws of the state and are governed in their daily course of business far more by the laws of the state than by those of the nation. All their contracts are governed and construed by state laws; their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts are all based on state law. It is only where the state law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional."

And in this jurisdiction it is established that when the right arises of which a state court has cognizance, it may be asserted and maintained, notwithstanding a federal court may have jurisdiction of the same question and subject-matter, and is not remitted entirely to the federal court by statute. Middleton v. St. Louis & S. F. R. Co., 228 Ala. 323, 153 So. 256; and authorities; Winter v. Baldwin, 89 Ala. 483, 7 So. 734; First National Bank of Selma v. Colby, 46 Ala. 435.

In State v. Bradley, 207 Ala. 677, 93 So. 595, 26 A. L. R. 421, this court held that the appointment of a receiver by a district court of the United States does not dissolve the corporation, and such receiver may be sued without permission of the court of appointment. Railroad Commission of Alabama v. Alabama Great Southern R. Co., 185 Ala. 354, 64 So. 13, L. R. A. 1915D, 98.

The rule of the cases is thus stated in 29 A. L. R. pages 1467, 1468:

"Where the receiver was appointed by a Federal court, the weight of authority prior to the Act of Congress of 1887 was to the effect that the failure to secure leave of the court was not a fatal defect of jurisdiction. United States. Compare Davis v. Gray (1872) 16 Wall. 203, 21 L. Ed. 447; Kennedy v. Indianapolis, C. & L. R. Co. (1880) 2 Flip. 704, 3 F. 97. * * *

"An Act of Congress of March 3, 1887, amended August 13, 1888 (25 Stat. at L. 436, chap. 866, now Jud. Code, § 66, Comp. Stat. § 1048, 5 Fed. Stat. Anno. 2d ed. p. 541), § 3 [28 USCA § 125], provides as follows: 'That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice.'

"The statute was held to apply, and to obviate the necessity of leave to sue, in each of the following cases: United States.—Central Trust Co. v. St. Louis, A. & T. R. Co. (C. C. 1889) 40 F. 426; Jones v. The St. Nicholas (D. C. 1891) 49 F. 671; Texas & P. R. Co. v. Cox (1892) 145 U. S. [593] 601, 12 S. Ct. 905, 36 L. Ed. 832; Eddy v. Lafayette (1896) 163 U. S.

456, 16 S. Ct. 1082, 41 L. Ed. 225; Wheeler v. Smith (C. C. 1897) 81 F. 319; Gableman v. Peoria, D. & E. R. Co. (1900) 179 U. S. 335, 21 S. Ct. 171, 45 L. Ed. 220; Chicago G. W. R. Co. v. Hulbert (1913) 125 C. C. A. 98, 205 F. 248. Alabama: Railroad Commission v. Alabama G. S. R. Co. (1913) 185 Ala. 354, 64 So. 13, L. R. A. 1915D, 98."

This is likewise the rule in Colorado, Illinois, Indiana, Kansas, Missouri, Montana, New Jersey, South Carolina, Texas, and Wisconsin.

The Act of Congress of March 3, 1911, § 66 (36 Stat. at Large, 1104, c. 263, 5 Fed. Stat. Anno., 2d Ed., p. 541 [28 USCA § 125]) re-enacted section 3 of the Act of March 3, 1887, as amended by Act Aug. 13, 1888, § 3, without change. And "several cases wherein the receiver was appointed by a Federal court have decided the question without referring to the Federal Statute of 1887, or of 1911. United States: Texas & P. R. Co. v. Cox (1892) 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Porter v. Sabin (1893) 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815; Slade v. Massachusetts Coal & Power Co. (C. C. 1911) 188 F. 369. Alabama: State v. Bradley (1922) 207 Ala. 677, 93 So. 595, 26 A. L. R. 421." 29 A. L. R. 1469.

▮ It may be further observed that it is the desire and purpose of equity courts to completely determine, in a proper case, in a single proceeding, the respective rights and interests of all who may be properly brought within their jurisdiction, and as affecting the subject-matter. Metcalf v. Griffith et ux, 202 Ala. 629, 81 So. 571; Converse Bridge Co. et al. v. Geneva County, 168 Ala. 432, 53 So. 196; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171. We hold there was no misjoinder of parties or causes of actions. National Surety Co. v. State et al., 219 Ala. 609, 123 So. 202; Cox v. Parker et al., 212 Ala. 35, 101 So. 657; Enterprise Lumber Co. et al. v. First Nat. Bank, 181 Ala. 388, 61 So. 930.

The bill is not subject to the demurrers directed thereto by the respondents. The judgment of the circuit court is therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.