This is a domestic corporation franchise tax case.
In its final judgment the trial court recited the following findings which actually consist of the stipulation of facts made by the parties:
 "1. Trustee Life Insurance Company is a corporation organized and incorporated under laws of the State of Alabama, having been incorporated in Etowah County, Alabama, on June 8, 1962.
 "2. In January, 1975, this Receivership proceeding was filed in this Court under the provisions of Chapter 32 of Title 27, Code of Alabama 1975.
 "3. By Order dated September 3, 1976, and filed in the Office of the Clerk of the Circuit Court of Etowah County, Alabama, on September 3, 1976, this Court ordered liquidation of Trustee Life Insurance Company under the provisions of Chapter 32 of Title 27, Code of Alabama 1975. That since said Order of liquidation entered on September 3, 1976, the Receiver in this cause has been in the process of liquidating the said Trustee Life Insurance Company under the provisions of Chapter 32 of Title 27, Code of Alabama 1975, and, although the corporate entity named Trustee Life Insurance Company still exists and has not been dissolved, the said corporate entity named Trustee Life Insurance Company has existed only for the purposes of liquidation by the Receiver pursuant to Chapter 32 of Title 27, Code of Alabama 1975.
 "4. By Order dated September 3, 1976, this Court fixed January 10, 1977, as the last date upon which claims could be filed in this proceeding by parties claiming indebtedness owed by Trustee Life Insurance Company.
 "5. Trustee Life Insurance Company, in Receivership, has paid no domestic corporation franchise tax and permit fee to the State of Alabama for the years 1977, 1978, 1979, 1980 and 1981.
 "6. The claim filed by the Department of Revenue of the State of Alabama for domestic corporation franchise tax and permit fee for the years 1977, 1978 and 1979 was filed in this Receivership proceeding in April, 1979. In October, 1981, the Department of Revenue of the State of Alabama filed in this Receivership proceeding an amendment to its claim described in the next preceding sentence, so as to claim domestic corporation franchise tax and permit fee allegedly owed by Trustee Life Insurance Company, in Receivership, for the years 1980 and 1981.
 "7. If the Defendant, Trustee Life Insurance Company, legally owes the franchise tax and permit fee for the years 1977, 1978, 1979, 1980 and 1981 as claimed in the Claim, as amended, filed in this proceeding by the State of Alabama, Department of Revenue, said tax and permit fee for said years would be owed in the amounts stated in said Claim, as amended, filed by the Department of Revenue of the State of Alabama.
 "8. The franchise tax on an Alabama domestic corporation is based upon the amount of subscribed and issued capital *Page 233 
stock of the corporation. The total par value of subscribed shares of stock of Trustee Life Insurance Company outstanding during the period 1977 through 1981 is $524,762.00. The 1979 franchise tax return of Trustee Life Insurance Company shows a total par value of subscribed shares of Trustee Life Insurance Company to be $524,762.00, which represents a total number of shares subscribed of 524,762 shares with a par value of $1.00 per share."
The trial court determined that the receiver of Trustee Life Insurance Company (Trustee Life) did not owe the domestic corporation franchise taxes for the five years in dispute. The circuit court stated that the rights and liabilities of Trustee Life and of its creditors, policyholders, stockholders, members, subscribers and all other interested persons were fixed as of September 3, 1976, the date of liquidation judgment. Such finding was based upon the provisions of §27-32-26, Code 1975. The State of Alabama Department of Revenue (department) has appealed from the denial of their claim for such taxes.
The franchise tax on domestic corporations is based upon the amount of capital stock of the corporation and not upon the value of the corporate property. Article XII, § 229, Constitution of Alabama (1901); §§ 40-14-40 and -41.1, Code 1975. Alabama's franchise tax upon Alabama corporations "is imposed upon corporate existence, not corporate activity or exerted corporate function." State v. Bradley, 207 Ala. 677,93 So. 595 (1922). In that case it was determined that the appointment of a receiver did not work a dissolution of the corporation and, although under receivership, the franchise tax was collectible.
The legislature, by means of § 40-14-56, Code 1975, has specifically provided as to franchise taxes as to corporations in receivership as follows:
 "Whenever a corporation, either domestic or foreign, is in receivership or trusteeship, the provisions of this chapter shall apply to receiver or trustee thereof, and such receiver or trustee shall be liable for franchise taxes to the same extent as the corporation would be if there were no receivership or trusteeship. Such receiver or trustee shall make all reports herein required and shall be subject to all penalties as would be the corporation."
The taxes here in controversy arose after the September 3, 1976 judgment ordering the liquidation of Trustee Life. The specific language of § 40-14-56 as to the liability of a corporate receiver for franchise taxes controls over the statutory provisions of § 27-32-26, which govern receivership debts in general.
Since corporate existence activates the imposition of franchise taxes upon a domestic corporation, the tax continues for as long as the corporation exists under our present laws. Trustee Life, although ailing, remains alive as a corporation. It still exists and is thus liable for the disputed franchise taxes which should have been considered as administrative expenses of the receiver, who should have paid them annually when due under the requirements of § 40-14-56.
The learned trial court erred in denying and disallowing the claim of the department for the franchise taxes for the five years under litigation. We must reverse the judgment appealed from and remand this case to the circuit court for the entry of a judgment consistent herewith.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 234