This is a franchise tax case.
The trial court granted the taxpayer's summary judgment motion. The court found that the assessment by the State Department of Revenue of a franchise tax against the taxpayer was "invalid in its entirety, not in keeping with constitutional mandates and restrictions."
The State appeals. We affirm.
The taxpayer is a nonstock member association and pursuant to Ala. Code (1975), § 10-10-2, is treated as a nonstock "corporation." For the tax year 1985, the taxpayer was assessed a franchise tax by the State in the amount of $50, pursuant to Ala. Code (1975), § 40-14-40. The taxpayer challenged the assessment on the grounds that the Alabama constitution of 1901, § 229, states that a franchise tax on a corporation "shall be in proportion to the amount of capital stock." In that the taxpayer is a nonstock "corporation," it contends that it was not subject to such a franchise tax.
The dispositive issue on appeal is whether, in light of § 229 of the Alabama constitution, a franchise tax may be assessed against a nonstock corporation.
The pertinent provision of the constitution in question is as follows:
 "The legislature shall, by general law, provide for the payment to the State of Alabama of a franchise tax by corporations organized under the laws of this state, which shall be in proportion to the amount of capital stock; but strictly benevolent, educational, or religious corporations shall not be required to pay such a tax."
Ala. Const. art. XII, § 229 (1901, amended 1936) (emphasis supplied).
The State contends that a minimum tax of $50 may be constitutionally levied against a nonstock corporation, pursuant to the following statutory provision.
 "Every corporation organized under the laws of this state, except strictly *Page 524 
benevolent, educational or religious corporations, shall pay annually to the state an annual franchise tax based on its capital stock as follows:
 For the tax year Rate on each beginning $1,000.00 of capital stock
January 1, 1984 $10.00
 And all tax years thereafter $10.00
 provided, that in no event shall the amount paid by any corporation for annual franchise tax be less than the sum of $50.00."
Ala. Code (1975), § 40-14-40. Further, the State argues that the real mandate of § 229 of the constitution is that all but nonprofit corporations shall pay a franchise tax. We disagree. It would appear that the legislature is authorized by the constitution to assess a franchise tax on all domestic corporations. However, it is restricted to an assessment based on the proportion to the capital stock of the corporation. Ala. Const. art. XII, § 229 (1901, amended 1936); StateDepartment of Revenue v. Forrester, 419 So.2d 231
(Ala.Civ.App. 1982).
The command of § 229 of the constitution is direct and absolute in its terms. There is no discretion to the legislature as to the levy of a franchise tax or the basis on which it is to be measured. Therefore, § 40-14-40 applies only to corporations with capital stock and is not applicable in this instance, as the taxpayer is a nonstock "corporation." There is no readily apparent way that a franchise tax can be assessed against the taxpayer here within the mandates of § 229 of the constitution. The taxpayer is a nonstock "corporation"; therefore, there is nothing for the State to base a franchise tax assessment upon.
As to why the drafters of the constitution felt that such a form of taxation was so important as to be made the subject of a constitutional mandate is not apparent. Nevertheless, section 229 of the constitution can only be changed by another amendment to the constitution or by a new constitution. Therefore, the trial court was correct when it held that the franchise tax assessed against the taxpayer was not in keeping with constitutional mandates and restrictions.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.